## WEIGLEY v. KNEELAND.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

1. APPEAL AND ERROR—FORMER APPEAL—LAW OF THE CASE.
    Where on a former appeal the appellate division construed the several writings between the parties, and determined their rights, such construction and determination established the law of the case, so far as concerned the supreme court, and should be adopted in the determination of the second appeal.

2. TRIAL—VERDICT—REQUEST—INCONSISTENT WITH COMPLAINT.
    Where, as a case was finally submitted to the jury on the various requests of defendant, the allegations of the complaint were not strictly followed, the verdict in favor of plaintiff should not be set aside as inconsistent with such allegations, if within such requests.

3. SAME—EVIDENCE—VALUE—STOCKS AND BONDS.
    Where, in an action for damages for breach of a contract to deliver bonds and stocks, there is evidence on which the jury may properly find the value of the bonds and stocks to be the sum—less than par—indicated by the verdict, the verdict should not be set aside as excessive, since, in the absence of evidence of a less value, they would be presumed to be of the value appearing on their face.

4. SAME—UNVERIFIED STATEMENTS—COMPETENCY.
    Where the statements of the treasurer of a corporation showing its financial condition are not under oath or verified in any way, they are not competent evidence in an action for damages for failure to deliver its stock and bonds.

    McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by William W. Weigley against Sylvester H. Kneeland. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Joseph G. Deane, for appellant.
Franklin Bartlett, for respondent.

RUMSEY, J. This is the second appeal in this case. Upon the first trial the plaintiff recovered a judgment, which upon appeal was reversed by the appellate division of the Second department, to which the case had been transferred. 18 App. Div. 47, 45 N. Y. Supp. 388. In the opinion delivered on that appeal the court construed the several writings between the parties and determined as to their rights. Whatever may be our idea as to the correctness of the conclusion then arrived at, it established the law of this case so far as the supreme court is concerned, and we feel bound to adopt it as the rule to guide us in the determination of this appeal. That court decided that the final result of the agreements was to impose upon the defendant an obligation to deliver to the plaintiff $25,000 in bonds, and in addition so much of the stock and bonds of the Texas Trunk Railroad Company as represented a one-twentieth interest in that road, and that, while by the terms of the agreement the defendant

was not precluded from showing that at the time of its final delivery there was a further oral agreement that the plaintiff should become jointly interested with the defendant in the railroad venture, yet that a legal construction of their rights created the relation of debtor and creditor between them, subject to be modified by the oral agreement, if the jury should find that it was established by the evidence. Upon the trial now under review that opinion was adopted as establishing the rights of the parties, and the question was submitted to the jury whether the oral agreement was established, and was necessarily found by them in the negative. It is not denied that, so far as the opinion in that case determined the construction of the contracts, it must be followed here; but it is said that the court erred upon this trial in its rulings upon evidence, and that the amount of the verdict was excessive. In determining this question, as well as the others presented, we feel bound to follow the opinion of the appellate division of the Second department in this case. Besides construing the contracts, that court laid down certain rules as to the presumption as to the value of the stocks and bonds, and decided certain questions of evidence which are presented upon this appeal. It was held there that, in the absence of all proof on the subject, the stock and bonds were to be presumed to be of the value appearing on their face, but this presumption was subject to rebuttal by other evidence which might be given. The jury on this trial must have found that the stock and bonds which were to have been delivered by the defendant to the plaintiff were not of their face value, and we cannot say that upon all the evidence they might not have properly come to the conclusion that they were of the value indicated by the verdict, which was $40,000, with interest from the time of the breach of the contract.

It has been suggested that the verdict was inconsistent with the allegations of the complaint; but a consideration of the case seems to indicate that, as it was finally submitted to the jury upon the various requests of the defendant, the allegations of the complaint were not strictly followed, and that, within those requests, the jury were at liberty to render a verdict which would represent the amount of the damages suffered by the plaintiff because of the failure to perform the contracts of October 19th and December 5th. We are not able, therefore, to say that the amount of the verdict was excessive, especially as the trial judge seems to have been satisfied with it, and refused to set it aside on that ground.

The question of the admissibility of the Osgood letters was disposed of upon the former appeal, and we see no reason to consider it further. It is objected that the statements of the treasurer of the company showing the financial condition of the road were improperly excluded. These statements, however, were not under oath; they were the merest hearsay, and were not verified in any way; and we are not aware of any rule by which they can be made competent evidence in the case. The evidence given by the witness Marsalis was, in our judgment, proper.

Upon the whole case, therefore, giving to the agreements the construction which was established upon the former appeal, we can see

no ground for the reversal of this judgment; and the judgment and order must be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON, J., concur. McLAUGHLIN, J., dissents.